ICreemak, J.,
delivered the opinion of the court:
Lee was indicted for forging an. appeal bond,, on an appeal from the judgment of three justices of the peace in an action of forcible entry and detainer.
The charge of the court and evidence in the case are not in the record in a bill of exceptions, so- that no error could be assigned in these. Several objections ¿re presented to the indictment, which we will notice so far as deemed -material to be considered:
1. It is said the indictment charged two distinct offenses —that is, that the defendant made, or caused to be- made, the bond, etc. There is nothing in this. In either event he would be the author of the bond, and would amount at most to a repetition of the same charge-.
2. The indictment says it was a prosecution, or an appeal bond, or bond for prosecution of an appeal. It is but designating the instrument by two different names. The character of the instrument thus named is clearly shown by its being set out in full in the indictment.
8. It is said the count on which defendant was tried, does not conclude “against- the peace and dignity of the state.” It appears only “against the dignity of the state” in the record. The state was compelled, it is true-, to try on the first count of the indictment, by the court, the necessity for which we do not clearly see. It is therefore contended, the conclusion to the second count, which is proper, *486 cannot aid the first. We think the conclusion to that count was to the whole indictment, and covers the defect in the first.
4. It is said the instrument could not have been used for the purpose of the appeal, because the indictment shows that the suit was tried on the 1st day of May, 1876, and the bond is dated first day of March, 1876, two months before the trial. This is probably a clerical error, but if the bond was thus misdated by the forger, it would not vary ’the result, as such a bond, if genuine, would not be void, but the court would disregard -the date, as- a mistake, and give judgment on it. It is sufficient to -aver the instrument was made with intent to defraud some person, such intention to be made out by the evidence on the trial. Snell v. State, 2 Hum., 349.
Affirm, and dismiss writ of error.